57 CCPA
**Application of Carroll B. VAUGHAN.**
**Patent Appeal No. 8201.**

United States Court of Customs and Patent Appeals.

Dec. 4, 1969.

Herbert L. Davis, Plante, Arens, Hartz, Smith & Thompson, Southfield, Mich., attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, MATTHEWS, Judge, sitting by designation, and ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of all ten claims in appellant's patent application serial No. 166,316, filed January 15, 1962, for "Test Set for Testing Electrical Apparatus." We affirm the board's decision.

### THE DISCLOSURE

Appellant discloses an electrical test set particularly adapted for testing complex circuits in module form. The module circuits would typically have a large number of terminals, e. g. sixty-four, which in a single plug-in action can be connected to the test set. The important features of the test set are brought out, in various combinations, by the appealed claims. The following are typical limitations appearing in each appealed claim:

A test set for testing electrical apparatus having multiple electrical

signal input and output terminals, said test set comprising:

> (a) means to selectively make electrical contact with the multiple terminals of the apparatus;
>
> (b) means for supplying a plurality of electrical input signals;
>
> (c) switching means for selectively applying the electrical input signals to selected input terminals of the apparatus; and
>
> (d) a plurality of electrical condition sensing indicator means selectively connectable by said switching means to the input and output terminals of the apparatus, for effecting a simultaneous visual comparison between electrical conditions of the input and output signals at said terminals.

Various additional limitations appear in certain of the claims, as shown in the following summary:

> The condition sensing indicators include at least two meters, each having a pair of marker flags manually positionable to reference predetermined pointed positions [claim 14].

> The meters have associated circuits and an operator-operative switch to enable the meters to read as either voltmeters or ammeters as desired [claim 15].

> The meters are arranged side-by-side with pointers aligned, for simultaneous visual comparison of input and output [claims 16, 17, 21 and 22].

> The contact means include socket panel and an adapter (for different shapes and arrangements of contact pins) [claims 18 and 20].

> An adjustable, switchable load circuit is included [claim 20].

## THE REFERENCES

Higgins[1] shows an electrical testing system with a programmed sequence of input signals and a plurality of output condition monitors.

Davidson et al.[2] discloses transistor testing circuits with monitors at both the input and the output.

Jones[3] teaches the placement of manually positionable limit markers on an indicating dial, the markers being used as contacts for an alarm circuit.

Weston[4] shows a pair of side-by-side meters for visual comparison of two electrical measurements.

Loesch[5] discloses switch-selectable loading means in a transistor testing circuit.

## THE BOARD

The board affirmed the rejection of claims 13, 15, 18 and 19 under 35 U.S.C. § 103 for obviousness over Higgins in view of Davidson; of claim 14 for obviousness over Higgins in view of Davidson and Jones; of claims 16, 17, 21 and 22 for obviousness over Higgins in view of Davidson and Weston; and of claim 20 for obviousness over Higgins in view of Davidson and Loesch.

## APPELLANT

Appellant urges that Higgins does not disclose a sequence of inputs selectable by the operator of the test set and that Higgins' input signal sequence is hard or fixed by program. Appellant also argues that Jones does not show a pair of marker flags on each of two meters and that Jones' purpose is not to mark the positions of logical 1's and 0's.

It is further contended by appellant that Higgins and Davidson taken together do not disclose "operator-operative" switch means for converting be-

1. U. S. patent 3,034,051, filed May 21, 1959, issued May 8, 1962.

2. U. S. patent 2,850,699, issued September 2, 1958.

3. U. S. patent 625,843, issued May 30, 1899.

4. U. S. patent 600,981, issued March 22, 1898.

5. U. S. patent 2,982,916, issued May 2, 1961.

tween voltmeter and ammeter, and that Weston fails to suggest the desirability of a side-by-side meter arrangement in a testing device like that of Higgins as modified by Davidson's teachings. Finally appellant says there is no reference of record indicating that the use of a socket panel and adapter would be obvious. On the oral argument appellant's counsel stressed that the court must not use hindsight in determining obviousness issues.

## OPINION

Bearing in mind that hindsight must not be used, we conclude that one of ordinary skill in the art at the time appellant's testing apparatus was devised would, from the references of record, find the subject matter defined in each claim to be obvious. The claims are therefore unpatentable under 35 U.S.C. § 103.

As to Higgins' programmed sequence of inputs, it appears to be a more advanced version of the operator-selectable inputs of applicant's invention. Surely one who could make the automatic sequence equipment could make the manually switchable version if desired, and whether such change would be desirable depends solely upon the intended use of the set, not upon some discovery of applicant.

Regarding the marker flags, such devices have long been well known and hardly require a reference, and the early Jones patent is more than sufficient for this purpose. Applicant's intended use of marking logical 1 and 0 points is plainly within the possible uses of the Jones' apparatus and moreover is not recited as a limitation in any appealed claim.

The operator-operative switch and circuit means for converting from voltmeter to ammeter operation are not shown by any reference of record, but we can and do take judicial notice that such conversion can be easily accomplished by anyone skilled in the art when desired. It has long been done as an experiment in basic electricity at the undergraduate level.

The early side-by-side meter arrangement of Weston is usable wherever visual comparison is wanted, and anyone wanting such a comparison could use the Weston teaching to achieve it. Again we note that no special discovery or new result is involved in the applicant's use of side-by-side meters.

As to the lack of a specific reference disclosing a socket panel and adapter, we believe that this gap can and should be filled by judicial notice. We agree with the examiner and the board that such broadly claimed plug-in means were well known in the art in 1962.

In conclusion it appears that each appealed claim defines subject matter which as a whole would have been obvious in view of the prior art of record.

The decision of the board is affirmed.

Affirmed.

ALMOND, J., concurs in the result.